UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARGARET ANN BACH,

        Appellant,

v.                                                                                        Case No. 21-cv-1394-bhl

JPMORGAN CHASE BANK NA,
FEDERAL NATIONAL MORTGAGE ASSOCIATION,

        Appellees.

## DECISION AND ORDER

       After years of contested foreclosure proceedings, Debtor Margaret Ann Bach's home was finally sold at sheriff's auction in October 2019, but even that sale has not stopped her legal crusade against her former mortgage holders. In this appeal, Bach asks for reversal of an October 1, 2021 bankruptcy court decision and order dismissing her adversary claims against JPMorgan Chase Bank NA (Chase) and Federal National Mortgage Association (Fannie Mae). *See Bach v. Wis. Off. of Law. Regul. et al.* (*In re Bach*), Case No. 20-23343-kmp, Adversary No. 21-2020, 2021 WL 4514680 (Bankr. E.D. Wis. Oct. 1, 2021). The bankruptcy court concluded both that it lacked jurisdiction to decide Bach's claims under the *Rooker-Feldman* doctrine, and, in the alternative, that Bach's claims were barred by res judicata or claim preclusion. *Id.* at 10. The bankruptcy court also rejected Bach's request for a declaration that her bankruptcy discharges precluded enforcement of the creditors' mortgage interests in her real property. *Id.*

       On appeal, Bach offers a number of scattered and hard-to-follow arguments, focused mainly on the merits of her substantive challenges to her creditors' foreclosure claims. (*See* ECF No. 5.) But she fails to address the bankruptcy court's jurisdictional and claim preclusion analyses. As a result, while Bach insists (contrary to well-established law) that the bankruptcy court should have declared that her bankruptcy discharges eliminated the mortgages on her home, she does not identify any flaws in the bankruptcy court's reasoning. Accordingly, the bankruptcy court's decision and order will be affirmed.

# BACKGROUND

Bach has been attempting to evade foreclosure for a long time. More than ten years ago, on January 17, 2012, she filed a Chapter 7 bankruptcy petition after falling behind on her mortgage payments. (ECF No. 3-1 at 35; ECF No. 6 at 13.) At that time, Chase held Bach's note and first mortgage (on Fannie Mae's behalf) and acted as servicer for Bach's loan. (ECF No. 6 at 10); *JPMorgan Chase Bank Nat'l Ass'n v. Bach*, Appeal No. 2014AP2781, 2017 WL 2591375, at *1 (Wis. Ct. App. June 14, 2017). After receiving notice of Bach's bankruptcy, Chase sent her a letter alerting her to the need to file a timely reaffirmation agreement if she intended to reaffirm her debt, and thus avoid foreclosure. (ECF No. 5 at 43-45.) The letter explained that if Bach failed to file a timely reaffirmation agreement, her loan would be treated as discharged. (*Id*. at 43.) Despite the warning, Bach never filed a reaffirmation agreement and received a bankruptcy discharge later in 2012. (*See* ECF No. 3-1 at 36.)

On May 30, 2012, Chase filed a complaint in Milwaukee County Circuit Court to foreclose the first mortgage on Bach's home. (ECF No. 3-1 at 20.) Bach answered the complaint and asserted five counterclaims for: unjust enrichment and equitable estoppel; breach of contract and violation of bankruptcy laws related to the cancellation of a loan modification; a "tort claim" for money and punitive damages; violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692, and the Wisconsin Consumer Act (WCA); and negligent infliction of emotional distress. (*Id*.) Most eventually folded under scrutiny. Bach withdrew or agreed to dismiss her "tort claim for money damages," her WCA claim, and her unjust enrichment claim. (*Id*.) After hearing argument, the state court affirmatively dismissed Bach's negligent infliction of emotional distress claim. *See Chase Bank, NA*, 2017 WL 2591375, at 2. Following a bench trial, the state court also dismissed the breach of contract and FDCPA claims. *Id.* But the court ruled in Bach's favor on her promissory estoppel claim and ordered Chase to offer Bach the loan modification it would have offered absent the foreclosure. *Id*. The state court then dismissed Chase's foreclosure case without prejudice. *Id*.

Bach appealed the trial court's adverse rulings, but the Wisconsin Court of Appeals affirmed. (ECF No. 3-1 at 21); *see id.* at 1. The Wisconsin Supreme Court then denied her petition for review. *JPMorgan Chase Bank v. Bach*, 904 N.W.2d 122 (Wis. 2017) (unpublished table decision). And the United States Supreme Court dismissed her petition for writ of certiorari. *Bach v. JPMorgan Chase Bank, NA*, 138 S. Ct. 1331 (2018) (mem).

Amidst her appeals, Bach refused the loan modification the trial court had ordered Chase to offer her. *Fed. Nat'l Mortg. Ass'n v. Bach*, Appeal No. 2019AP631, 2022 WL 1218203, at *2 (Wis. Ct. App. Apr. 26, 2022). Fannie Mae (the new mortgage holder) therefore filed a renewed foreclosure complaint. (ECF No. 3-1 at 21.) Bach answered and, as in the earlier foreclosure case, asserted manifold claims against Fannie Mae/Chase. In addition to a host of common law and statutory claims, Bach alleged that her mortgages (as opposed to just her loans) were discharged in bankruptcy and the foreclosure lawsuit was time barred. (*Id*. at 21.) The state court ultimately dismissed all of these claims with prejudice and entered a judgment of foreclosure, which Bach then appealed. (*Id*. at 22.) Bach failed to obtain a stay pending appeal, however, and the subject property was sold by sheriff's sale on October 10, 2019. (*Id.*) The state court confirmed the sale a month later. (*Id*.)

On May 7, 2020, six months after the sale was confirmed, Bach filed another Chapter 7 petition. (*Id.* at 17 n.1.) After receiving another discharge of her personal liabilities, Bach filed an adversary complaint, asserting a variety of substantive claims and requesting a determination that her debts to Chase and Fannie Mae (along with other creditors) had been discharged. (*Id*. at 17.) Chase and Fannie Mae moved to dismiss the claims filed against them, both due to lack of subject-matter jurisdiction and, alternatively, due to Bach's failure to state a claim upon which relief could be granted. (*Id*. at 18.)

On October 1, 2021, the bankruptcy court granted the motion to dismiss. (ECF No. 3-1 at 17-37.) The bankruptcy court meticulously reviewed Bach's substantive claims in the adversary proceeding and compared them to the claims she had previously litigated in state court in the second foreclosure action. Because the state court had dismissed with prejudice virtually identical claims in the earlier action, the bankruptcy court concluded that it was without jurisdiction to consider them under the *Rooker-Feldman* doctrine. (*Id*. at 23-24.) The bankruptcy court explained that Bach was using the adversary proceeding as the functional equivalent of an appeal from the final judgment of the state court, a tactic the *Rooker-Feldman* doctrine prohibits. (*Id*. at 23.) The bankruptcy court alternatively held that even if it had subject-matter jurisdiction over Bach's claims, they were barred by claim and issue preclusion. (*Id*. at 23-24.)

With respect to Bach's request for a determination that her bankruptcy discharges eliminated the mortgages on her home, the bankruptcy court declared that the mortgages were in fact not discharged. (*Id.* at 34.) The bankruptcy court first noted that a previous bankruptcy judge

had rejected a similar argument when Bach moved to reopen her 2012 bankruptcy case. (*Id.*) In the earlier case, the bankruptcy court ruled Bach's personal loan liabilities had been discharged but, consistent with fundamental bankruptcy principles, the *mortgages* were not affected by her bankruptcy. Bach tried to appeal that ruling, but the district court dismissed her appeal because it was in violation of a Seventh Circuit *Mack* order.[1] (ECF No. 3-1 at 36 (citing *Bach v. Ludwig, et al.*, Case No. 19-CV-1208-JPS (E.D. Wis. Sept. 18, 2019)).) In this latest case, the bankruptcy court reiterated that, although Bach had received another Chapter 7 discharge of her personal liability in her 2020 bankruptcy case, the mortgages were not discharged. (*Id*. at 36-37.) The court further noted that all right, title, and interest to the property vested in Fannie Mae upon confirmation of the sheriff's sale. (*Id*. at 37.)

On December 7, 2021, Bach appealed the bankruptcy court's decision. While her appeal was pending in this court, the Wisconsin Court of Appeals affirmed the state trial court's decision in the 2018 foreclosure action. *See Fed. Nat'l Mortg. Ass'n*, 2022 WL 1218203. On August 3, 2022, the Wisconsin Supreme Court rejected Bach's latest petition for review. *See Fed. Nat'l Mortg. Ass'n v. Bach*, No. 2019AP631, 2022 WL 17582420 (Wis. Aug. 3, 2022).

## ANALYSIS

Before addressing the merits of Bach's appeal, the Court must delve into the often confusing and messy world of final judgments and bankruptcy appeals. Normally, appeals in federal courts require entry of a final judgment, disposing of all claims against all parties in a case. *See P.H. Glatfelter Co. v. Windward Prospects Ltd.*, 847 F.3d 452, 455 (7th Cir. 2017). Consistent with this principle, 28 U.S.C. Section 158(a)(1) empowers district court judges to hear appeals from "final judgments, orders, and decrees" of bankruptcy judges.

Here, Bach appeals from an October 1, 2021 bankruptcy court order that resolved only portions of the many claims Bach raised in her adversary proceeding. (ECF No. 1-1 at 11-12.) An adversary proceeding is essentially a lawsuit within a particular bankruptcy case. *See Ryan v. Branko Prpa MD, LLC*, 55 F.4th 1108, 1112 (7th Cir. 2022) (noting that an adversary proceeding is "essentially a lawsuit within" a bankruptcy proceeding). While many issues in a bankruptcy case are decided by motion or claim objection, Bankruptcy Rule 7001 requires that certain disputes

---

[1] An order under *Mack* requires the clerk of the court to return civil complaints and related pleadings unfiled, without even presenting them to judges, until the plaintiff's debt to the judicial system has been paid. *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

be resolved through separate adversary proceedings. Adversary proceedings are litigated like most federal civil lawsuits; indeed, the Federal Rules of Bankruptcy Procedure incorporate most of the Federal Rules of Civil Procedure. *See generally* Fed R. Bankr. P. 7002-7071. Accordingly, if bankruptcy appeals were treated like normal civil appeals, Bach's appeal would be premature; she would need to wait until the bankruptcy court resolved and entered a final judgment on all claims against all parties in the adversary proceeding. *See In re Morse Elec. Co., Inc.*, 805 F.2d 262, 264 (7th Cir. 1986) (discussing the differences between finality in normal civil appeals and bankruptcy appeals).

Fortunately for Bach, the strict finality rules for appeals do not apply as rigidly in the bankruptcy context. The Seventh Circuit has recognized a "flexible" definition of "finality" in the case of bankruptcy appeals. *In re Sandy Ridge Oil Co., Inc.*, 807 F.2d 1332, 1334 (7th Cir. 1986). This makes sense because "[t]he ordinary understanding of 'final decision' is not attuned to the distinctive character of bankruptcy litigation." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020). "It is . . . common for bankruptcy courts to resolve discrete controversies definitively while the umbrella bankruptcy case remains pending." *Id.* at 586-87. Thus, "[a] bankruptcy order [is] considered final for § 158[(a)] purposes when it 'finally determines' one creditor's position." *Sandy Ridge*, 807 F.2d at 1334 (quoting *Morse*, 805 F.2d at 264). Although not necessarily intuitive, the Seventh Circuit has applied this flexible definition of finality even to orders, like the one at issue here, that resolve only portions of a single adversary complaint, and even in the absence of a "Rule 54(b) judgment"[2] within the adversary proceeding. *See Morse*, 805 F.2d at 264-65. For purposes of this appeal, the finality of the bankruptcy court's order is clear: (1) the bankruptcy clerk's office entered a judgment fully resolving the issues between Bach and two creditors (Chase and Fannie Mae); (2) those issues were separate from those involving other creditors in the adversary proceeding; and (3) the bankruptcy court held an hour-long hearing to consider Bach's motion to extend her time to appeal and ultimately granted her request. (ECF No. 3-1 at 14.) This constellation of factors, in conjunction with the malleable definition of "finality"

---

[2] Rule 54(b) is one of the Federal Rules of Civil Procedure incorporated expressly into adversary proceedings. *See* Fed. R. Bankr. P. 7054. Rule 54(b) permits courts to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties" but "only if the court expressly determines that there is no just reason for delay." Ideally, that would have occurred here. Given the applicability of this rule in adversary proceedings, appellants from adversary proceeding orders would be wise to obtain a Rule 7054 judgment before appealing a bankruptcy court order that resolves fewer than all claims against all parties. Bach did not obtain any such determination here, challenging the bankruptcy court's dismissal of her claims against Chase and Fannie Mae while other portions of the same adversary proceeding remains pending.

applicable in bankruptcy, convinces the Court that it has jurisdiction to hear this appeal pursuant to Section 158(a).

With that out of the way, the Court will proceed to review the bankruptcy court's decision. The bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed de novo. *See Stamat v. Neary*, 635 F.3d 974, 979 (7th Cir. 2011). The Court "may affirm . . . on any grounds supported by the underlying record." *In re Winters*, No. 96-C-7117, 1999 WL 281083, at *11 (N.D. Ill. Mar. 31, 1999) (citing *McCarthy v. Kemper Life Ins. Cos.*, 924 F.2d 683, 686 n.1 (7th Cir. 1991)) (other citations omitted).

On appeal, Bach generally challenges the bankruptcy court's order (1) dismissing her substantive claims against Chase and Fannie Mae; and (2) declaring the mortgages on her property were not discharged in her prior bankruptcies. But she has little to say about the bankruptcy court's analysis. Her 41-page appellate brief appears to be a cut-and-paste of her bankruptcy court brief. It includes an array of complaints against both her adversaries (Chase and Fannie Mae) and the state (circuit and appellate) courts. Largely absent are specific arguments directed to the bankruptcy court's legal reasoning. The Court will limit its discussion to arguments that plainly challenge the bankruptcy court's legal conclusions.

## I. While *Rooker-Feldman* Does Not Apply, the Doctrine of Res Judicata Bars Bach's Claims.

The bankruptcy court determined that it lacked subject matter jurisdiction to hear Bach's claims under the *Rooker-Feldman* doctrine. (ECF No. 3-1 at 23.) While application of that doctrine is sometimes less than clear, *Rooker-Feldman* is best understood as being reserved for situations in which a federal court plaintiff "alleg[es] injury *caused* by a state court judgment." *Garry v. Geils*, 82 F.3d 1362, 1366 (7th Cir. 1996) (emphasis added). Bach does not cite state court defeats as the source of her injuries; she merely restates her losing arguments and seeks to relitigate them, akin to a child who, after receiving a "no" from one parent, runs to the other. Thus, "the doctrine that blocks [her] is res judicata." *Nesses v. Shepard*, 68 F.3d 1003, 1004 (7th Cir. 1995). Though not the focus of its decision, the bankruptcy court wisely recognized this possibility and ruled that, subject matter jurisdiction notwithstanding, Bach's claims wilted in the face of claim and issue preclusion. (ECF No. 3-1 at 22-34.)

Bach's appellate brief does not explain how she intends to feint this parry. Exercise of res judicata depends on whether the federal plaintiff had a full and fair opportunity to pursue her claims in state court and whether the state in which the prior judgment was rendered would give that

judgment preclusive effect. *Pirela v. Vill. of North Aurora*, 935 F.2d 909, 911 (7th Cir. 1991). Wisconsin gives preclusive effect to final judgments on the merits when subsequent actions involve the same parties and claims. *Pliska v. City of Stevens Point*, 823 F.2d 1168, 1172 (7th Cir. 1987). Thus, to defeat res judicata, Bach might have suggested an impediment to her ability to fully litigate her claims in state court, or she might have tried to distinguish those claims from the ones raised before the bankruptcy court. Instead, she filled her brief with substantive arguments unrelated to the basis for the bankruptcy court's decision. For example, she complains that the bankruptcy court "never considered . . . new evidence" that she was still receiving threatening phone calls from Chase after the state court entered a judgment of foreclosure in the 2018 action, in violation of the TCPA. (ECF No. 5 at 3-6.) She argues this "evidence is material," "will probably change the result," and "should have been considered." (*Id*. at 3, 5.) She criticizes the bankruptcy court for not giving "any explanation, reasoning, or law to support Chase discriminating and retaliating against Bach for filing for bankruptcy by cancelling her loan modification/Trial Period Payment Plan then filing foreclosure." (*Id*. at 13.) Bach also cryptically states that neither her opposing counsel or the bankruptcy judge "make any argument for why defendants are not precluded from filing a second foreclosure on Ms. Bach's second mortgage under *res judicata*." (*Id*. at 17.)

Bach's appeal thus fails foremost because she fails to address the basis for the bankruptcy court's dismissal. In challenging the bankruptcy judge's ruling, Bach, as appellant, must explain to this Court why the bankruptcy court's reasoning was wrong. Her failure to do so is a waiver of her right to challenge that reasoning. *See Pelfresne v. Vill. of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point.").

Waiver aside, the record shows the bankruptcy court properly concluded that Bach's claims failed on res judicata grounds. The case is a rematch, the issues are retreads, and the merits are resolved. A litigant gets only so many bites at the apple. Bach has reached the core. Accordingly, this Court affirms the bankruptcy court's holding.

**II.     The Bankruptcy Court Correctly Declared that Bach's Mortgages Were Not Discharged in Her Bankruptcy Cases.**

Bach also challenges the bankruptcy court's refusal to declare the mortgages on her home discharged in her prior bankruptcy cases. She contends the bankruptcy court made "a clear error

in not considering all the contract law" when it declared that the mortgages granted by Bach on her property were not discharged. (ECF No. 5 at 6-10.) This argument fails as a matter of basic bankruptcy law.

In her adversary complaint, Bach requested a determination from the bankruptcy court that debts owed to eleven named defendants, including Chase and Fannie Mae, were discharged. (ECF No. 3-1 at 35.) According to Bach, the "Chase 1-20-12 Contract" provided that her "mortgages" would be discharged. (ECF No. 5 at 6.) As the bankruptcy court correctly noted, the document Bach refers to as a "contract" is actually a "notice" from Chase dated January 20, 2012, advising Bach of her option to enter into a reaffirmation agreement within a prescribed time period. (*See id*. at 43-45; ECF No. 3-1 at 36.) As a matter of law, it has nothing to do with the validity of any mortgage interests she granted to creditors prior to bankruptcy. Moreover, Bach previously raised and lost this same argument in her 2012 bankruptcy case. The bankruptcy court correctly ruled that Bach was precluded from relitigating this issue. (ECF No. 3-1 at 35-36.) The bankruptcy court also correctly rejected Bach's request for a declaration that her more recent 2020 bankruptcy discharge affected the mortgages on the property because, as the Supreme Court reaffirmed thirty years ago, liens pass through bankruptcy unaffected and stay with real property until foreclosure. (*Id*. at 36 (citing *Dewsnup v. Timm*, 502 U.S. 410, 417 (1992)).)

Although multiple courts have now explained the concept, Bach still appears to confuse the discharge of her personal liability with a discharge of her secured creditors' rights to enforce liens and mortgages even after her bankruptcy. Her bankruptcy gave her the former but does not provide the latter. To be clear, a creditor's right to proceed against property in which it holds a secured interest is unaffected by the entry of a bankruptcy discharge. 11 U.S.C. §524(a)(2) (prohibits only actions to collect a debt "as a personal liability of the debtor"). For this reason, many debtors choose to reaffirm and retain their personal liability on a debt that would otherwise be discharged. As long as the debtor continues to make payments pursuant to a valid reaffirmation agreement, reaffirmation of the debt permits the debtor to retain the property that serves as collateral for the debt. 11 U.S.C. §524(c); *see generally* 9D Am. Jur. 2d *Bankruptcy* §3659 (2d ed. Nov. 2022 update). Chase explained this very option to Bach in its January 20, 2012 notice. (*See* ECF No. 3-1 at 43-45.) Because Bach did not reaffirm her mortgage obligations, her personal liability was discharged, but this had no impact on her creditor's mortgage interest in the collateral. While the discharge injunction thereafter prevented her secured creditors from proceeding against

her *personally*, they were *not* barred from foreclosing their property interests in her home. On this final issue, the bankruptcy court did not err.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Order and Judgment of the Bankruptcy Court Granting the Motion to Dismiss filed by JPMorgan Chase Bank NA and Federal National Mortgage Association in *Bach v. Wisconsin Office of Lawyer Regulation et al.*, Adversary No. 21-2020-kmp (Bankr. E.D. Wis. 2021), are **AFFIRMED**, and the case is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on January 19, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge